IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SCHREINER UNIVERSITY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:24-cv-20-FB-ESC |
| | § | |
| COMPASS GROUP USA, INC. d/b/a CHARTWELLS, | § | |
| | § | |
| Defendant. | § | |

**JOINT FEDERAL RULE 26 REPORT AND SCHEDULING RECOMMENDATION**

Pursuant to Federal Rule of Civil Procedure 26(f), Western District Local Rule CV-16(c) and (d), and the Court's Order for Scheduling Recommendations and Advisory Concerning Assignment of Magistrate Judge (ECF #6), Plaintiff Schreiner University ("Schreiner") and Defendant Compass Group USA, Inc. d/b/a Chartwells ("Chartwells") submit this Joint Federal Rule 26 Report and Scheduling Recommendation.

1. **What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?**

Schreiner asserts claims against Chartwells for breach of contract, negligence per se, negligent misrepresentation, gross negligence, and tortious interference with business relations. Schreiner asserts that the elements of each cause of action are as follows:

**Breach of Contract:**

    1. Existence of a valid, enforceable contract;

    2. The plaintiff is a proper party to bring suit for breach of contract;

1

3. The plaintiff performed, tendered performance of, or was excused from performing its contractual obligations;

4. The defendant breached the contract; and

5. The defendant's breach caused the Plaintiff injury.

**Negligence Per Se:**

1. The plaintiff belongs to the class of persons the statute was designed to protect, and plaintiff's injury is of the type the statute was designed to protect;

2. The statute is one for which tort liability may be imposed when violated;

3. The defendant violated the statute; and

4. The defendant's act or omission proximately caused the plaintiff's injury.

**Negligent Misrepresentation:**

1. The defendant made a representation to the plaintiff in the courses of the defendant's business or in a transaction in which the defendant had a pecuniary interest;

2. The defendant supplied false information for the guidance of others;

3. The defendant did not use reasonable care in obtaining or communicating the information;

4. The plaintiff justifiably relied on the representation; and

5. The defendant's negligent misrepresentation proximately caused the plaintiff's injury.

**Gross Negligence:**

1. When viewed objectively from the defendant's standpoint at the time of the event, defendant's act or omission involved an extreme degree of risk, considering the

2

probability and magnitude of potential harm to others and

2. The defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

**Tortious Interference with Business Relations:**

1. There was a reasonable probability that the plaintiff would have entered into a business relationship with a third person;
2. The defendant intentionally interfered with the relationship;
3. The defendant's conduct was independently tortious or unlawful;
4. The interference proximately caused the plaintiff's injury; and
5. The plaintiff suffered actual damage or loss.

Chartwells has not yet answered or otherwise responded to Schreiner's Third Amended Complaint (ECF #14), which was filed on February 1, 2024. Chartwells has not yet asserted counterclaims against Schreiner but reserves the right to do so consistent with the Federal Rules.

**2.   Are there any outstanding jurisdictional issues? For cases removed on diversity jurisdiction: Do the parties agree that the amount in controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the amount in controversy. If any party is a partnership or limited liability company, have the parties confirmed the citizenship of all partners/members in determining whether diversity exists?**

The parties agree that there are no outstanding jurisdictional issues and the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the case involves a dispute between completely diverse parties and the amount in controversy, excluding interest and costs, exceeded $75,000 at the time of removal. Neither party is a partnership or limited liability company.

3. **Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?**

   The parties agree that there are no unserved parties.

4. **Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?**

   The parties have not yet agreed or stipulated to any facts in this case or any elements in the causes of action.

5. **Are there any legal issues in this case that can be narrowed by agreement or by motion?**

   Schreiner's position: At this time, Schreiner does not believe there are any legal issues in this case that can be narrowed by agreement. Schreiner understands that Chartwells intends on filing a motion to dismiss to narrow the legal issues in this case, and Schreiner opposes any such motion.

   Chartwells's position: Chartwells intends to move to dismiss in part the Third Amended Complaint by the February 15, 2024 deadline to answer or otherwise respond to same. Chartwells anticipates that the Court's ruling on such motion will narrow the legal issues in this case.

6. **Are there any issues about preservation of discoverable information?**

   Schreiner's position:   At this time, Schreiner knows of no issues related to the preservation of discoverable information,

   Chartwells's position: Schreiner seeks discovery of documents and information dating back more than a decade, including more than eight years before the alleged instances of undercooked food that underly Schreiner's claims against Chartwells. Chartwells is not presently aware of any issues about preservation of discoverable information, but notes that statutory document retention requirements in the State of Texas are far shorter than ten years.

7.   **Are there any issues about disclosure or discovery of electronically stored information? In what forms should electronically-stored information be produced and will production include metadata?**

The parties are not aware of any issues about disclosure or discovery of electronically stored information ("ESI"). The parties agree to meet and confer on a mutually agreeable protocol concerning the collection and production of ESI, including metadata.

8.   **What are the subjects on which discovery may be needed?**

Schreiner's position: Discovery is needed on all subjects related to the claims made by Schreiner herein against Chartwells and any and all defenses asserted by Chartwells thereto. Discovery is also needed on any counterclaim(s) that Chartwells may assert in this cause.

Chartwells's position: Discovery is needed on all subjects referenced in and related to the Complaint, subject to limitation following the Court's ruling on Chartwells's forthcoming motion to dismiss the Third Amended Complaint. Discovery is also needed on all subjects referenced in and related to any counterclaim(s) Chartwells asserts against Schriener.

9.   **Have initial disclosures been made? If not, should any changes be made in the timing, form, or requirement for initial disclosures?**

The parties served initial disclosures before removal of this case from state court.

10.  **What, if any, discovery has been completed? What discovery remains to be done and when should it be completed? Have the parties considered conducting discovery in phases or agreeing to limit discovery?**

On January 24, 2024, Schreiner served interrogatories and requests for production of documents on Chartwells. No other discovery requests have been served, and no discovery has been completed. The parties agree that discovery should not be conducted in phases or otherwise limited at this time, subject to each party's objections to the other's discovery requests. The parties anticipate a substantial number of depositions in this case and therefore expect discovery to require

5

approximately nine months to complete.

**11.     What, if any, discovery disputes exist?**

The parties agree that no discovery disputes exist at this time.

**12.     Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?**

The parties have discussed and do not intend to file a proposed order pursuant to Federal Rule of Evidence 502.

**13.     Have the parties discussed early mediation?**

The parties completed mediation on August 2, 2023. The parties are not opposed to further mediation but agree that some discovery should be completed first.

**14.     Have the parties considered seeking entry of a confidentiality and protective order and are there any other scheduling or discovery items requiring the court's attention?**

The parties intend to ask the Court to enter an agreed protective order governing the production of confidential information and the procedure for asserting privilege or work product protection over documents withheld from production. The parties agree that the only scheduling item that requires the Court's attention at this time is the parties' scheduling recommendations, which is attached hereto as Exhibit A.

| | |
|---|---|
| Dated: February 6, 2024 | Respectfully submitted, |
| | |
| */s/ Lynne Clarke* (by permission) | */s/ Michael Burns* |
| William H. Chamblee | Michael Burns |
| State Bar No. 04086100 | *Admitted Pro Hac Vice* |
| wchamblee@cr.law | HILGERS GRABEN PLLC |
| Lynne P. Clarke | 601 Pennsylvania Ave. N.W. |
| State Bar No.04316750 | South Building, Suite 900 |
| lclarke@cr.law | Washington, D.C. 20004 |
| CHAMBLEE RYAN, P.C. | Telephone:  202-985-1664 |
| 2777 Stemmons Freeway, Suite 1257 | Facsimile: 402-413-1880 |
| Dallas, Texas 75207 | mburns@hilgersgraben.com |
| (214) 905-2003 (Telephone) | |
| (214) 905-1213 (Facsimile) | AND |
| | |
| *Attorneys for Schreiner University* | Bradley A. Monk |
| | Texas Bar No. 24077502 |
| | Grant Schmidt |
| | *Admitted Pro Hac Vice* |
| | HILGERS GRABEN PLLC |
| | 7859 Walnut Hill Lane, Suite 335 |
| | Dallas, Texas 75230 |
| | Telephone:  469-289-2751 |
| | Facsimile: 402-413-1880 |
| | bmonk@hilgersgraben.com |
| | gschmidt@hilgersgraben.com |
| | |
| | *Attorneys for Defendant* |

## **CERTIFICATE OF SERVICE**

On February 6, 2024, I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

>  */s/ Michael Burns*
>  Michael Burns